FT. FRYE TEACHERS ASSOCIATION et al., Appellants and Cross–Appellees,

v.

FT. FRYE LOCAL SCHOOL DISTRICT BOARD OF EDUCATION
et al., Appellees and Cross–Appellants.

[Cite as *Ft. Frye Teachers Assn. v. Ft. Frye Local School
Dist. Bd. of Edn.* (1993), 87 Ohio App.3d 840].

Court of Appeals of Ohio,
Washington County.

No. 93 CA 01.

Decided July 27, 1993.

*Cloppert, Portman, Sauter, Latanick & Foley, Mark A. Foley* and *Susan Hayest Kozlowski,* for appellants and cross-appellees.

*Whalen & Compton Co., L.P.A., R. Brent Minney, G. Frederick Compton, Jr.* and *Elizabeth Grooms Taylor,* for appellees and cross-appellants.

---

STEPHENSON, Judge.

This is an appeal and cross-appeal from a judgment entered by the Washington County Court of Common Pleas ordering the Ft. Frye Local School District Board of Education (hereinafter referred to as "the school board"), defendant below and cross-appellant herein, to give future compliance to the so-called "Sunshine Law" provisions of R.C. 121.22 and awarding court costs and "reasonable" attorney fees to the Ft. Frye Teachers Association (hereinafter referred to as "the teachers association"), plaintiff below and appellant herein. Appellants assign the following errors for our review:

"I. Upon finding that the appellee board of education had violated the Ohio Sunshine Law, the trial court erred in failing to invalidate the transfers of appellant teachers McCormick, Alderman, Von Kennell, Biehl and Moff.

"II. Upon finding that the county superintendent pursuant to Ohio Revised Code Section 3319.01 possesses the statutory duty to assign teachers for local school districts under the supervision of the county board, the trial court erred in failing to grant appellant's request for declaratory and injunctive relief."

The following cross-assignments of error are also presented for our consideration:

"I. The journal entry filed by the trial court on December 9, 1992, is not a final, appealable order; therefore, this court does not have jurisdiction.

"II. Assuming arguendo that this court has jurisdiction, the trial court committed prejudicial error when it denied the cross-appellants' motion to dismiss, because the trial court lacked subject matter jurisdiction with respect to the allegation that Superintendent Curry violated O.R.C. [Section] 3319.01 in transferring/reassigning the individual teachers due to the fact that this issue was rendered moot by the approval/acquiescence of the county superintendent in such transfers/reassignments.

"III. Assuming arguendo that this court has jurisdiction, the trial court committed prejudicial error when it denied the cross-appellants' motion to dismiss, because the cross-appellees did not allege or prove any facts which would entitle them to recover and, therefore, they failed to state a claim upon which

relief could be granted with respect to their allegation that the board of education violated the Sunshine Law.

"IV. Assuming arguendo that this court has jurisdiction, the trial court committed prejudicial error and abused its discretion when it determined that the association is entitled to court costs and reasonable attorney fees related to the Sunshine Law issue."

A brief summary of the facts pertinent to this appeal is as follows. On July 15, 1992, the school board convened a regular board meeting, during which it went into "executive session" to discuss personnel matters. The following day, a number of teachers in the school district received notices that they would be transferred to new positions in different schools for the 1992–1993 school year. On August 12, 1992, the teachers association commenced the action below as "the duly recognized sole and exclusive bargaining representative for all * * * certified teachers" in the school district. It was alleged that the teachers who had been transferred were members of the teachers association and that the school board's actions were taken in violation of the "Sunshine Law" provisions of R.C. 121.22. The teachers association demanded, *inter alia*, a declaratory judgment that the actions of the school board were null and void, together with an injunction mandating compliance with R.C. 121.22, and court costs and reasonable attorney fees.

On August 26, 1992, the teachers association filed an amended complaint which was joined by five teachers who were affected by the school board's transfers.[1] The amended complaint also joined Ronald E. Curry, Superintendent of the Ft. Frye Local School District, as a party defendant and alleged that he was exceeding the scope of his legal authority by transferring teachers within the school district.[2] Appellants demanded judgment similar to that sought in their original complaint and further requested an injunction enjoining the transfer of the individual teachers to their new assignments for the school year.

On September 18, 1992, the matter came on to be heard on its merits. The lower court issued its decision on November 24, 1992, finding, among other things, a violation of the "Sunshine Law" provisions of R.C. 121.22. It was determined that the teachers association was entitled to the various forms of relief it had requested, including court costs and attorney fees. A judgment entry to that effect was filed on December 9, 1992, and this appeal and cross-appeal followed.

---

1. These teachers, Nancy McCormick, Grace Alderman, Amanda Von Kennell, Kelly Biehl, and Kelly Moff, are also appellants herein.

2. Curry has also been joined as a cross-appellant herein.

■ We first consider, out of order, the initial cross-assignment of error, wherein the argument is made that the aforementioned judgment entry was not appealable and that this court is without jurisdiction to consider the matter on its merits. It should be noted that Ohio law provides the courts of appeals with jurisdiction to review the final orders or judgments of inferior courts within their district. See, generally, Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final order or judgment is one which affects a substantial right and, in effect, determines the action. R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. *Lisath v. Cochran* (Apr. 14, 1993), Lawrence App. No. CA–92–5, unreported, at 3–4, 1993 WL 120627; *In re Christian* (July 22, 1992), Athens App. No. 1507, unreported, at 5, 1992 WL 174718.

■ With these principles in mind, we turn our attention to the judgment being appealed in the cause *sub judice.* The lower court expressly awarded "reasonable attorney fees" to the teachers association but did not specify an amount therein.[3] It is well-settled law that a judgment deferring final adjudication of a request for attorney fees is not a final appealable order. See, generally, *Vannoy v. Capital Lincoln–Mercury Sales, Inc.* (1993), 88 Ohio App.3d 138, 623 N.E.2d 177, fn. 4; *Baker Indus. Equip., Inc. v. Osair, Inc.* (Jan. 9, 1991), Summit App. No. 14704, unreported, 1991 WL 1994; *Russ v. TRW, Inc.* (Feb. 2, 1989), Cuyahoga App. No. 54973, unreported, 1989 WL 7960. This remains true even in those instances where such fees have been awarded but the adjudication of an amount has been deferred. See *Pickens v. Pickens* (Aug. 27, 1992), Meigs App. No. 459, unreported, at 4, 1992 WL 209498; *State ex rel. Van Meter v. Lawrence Cty. Bd. of Commrs.* (Aug. 25, 1992), Lawrence App. No. 91CA25, unreported, at 7, 1992 WL 208960; *Baker v. Eaton Corp.* (Dec. 10, 1990), Stark App. No. CA–8235, unreported, 1990 WL 200296. The judgment in this case failed to designate an amount of attorney fees to be awarded and, therefore, left a portion of the case undecided. The judgment is neither final nor appealable and this court is without jurisdiction to consider the matter on its merits. The appeal is, accordingly, dismissed.[4]

*Appeal dismissed.*

HARSHA, P.J., and PETER B. ABELE, J., concur.

---

**3.** Cross-appellants state, in their brief, that the parties have "agreed that the issue of attorney fees would be held in abeyance pending resolution of the appeal and cross-appeal by this [c]ourt."

**4.** Appellants argue that we should consider the judgment to be a final appealable order, in part, because the entry itself declares that it is one. We are not persuaded. Suffice it to say

---

that this court is not bound by a trial court's determination of a judgment's finality. *Pickens v. Pickens* (Aug. 27, 1992), Meigs App. No. 459, unreported, at 4, 1992 WL 209498; *McCoy v. Hines* (Oct. 17, 1990), Adams App. Nos. 495 and 497, unreported, at 5, 1990 WL 155771. Rather, each appellate court must make that determination for itself.