DECISION JUDGMENT ENTRY
This is an appeal from a declaratory judgment that quieted title in a parcel of land owned by the plaintiff's decedent and the defendant.
On April 24, 2001, we noted that the judgment from which appellant appealed may not constitute a final appealable order in view of the fact that the trial court set the remaining issues of plaintiff's complaint (i.e. the value of the loan proceeds taken from the pledging of the property as collateral by defendant, the awarding of costs in the action and the request for half of the monetary value of the benefits derived from the defendant's exclusive use of the property) for a hearing at a later date. See R.C. 2505.02 and Civ.R. 54(B).
Appellant filed a memorandum stating that the judgment is a final appealable order because the trial court indicated, "This is a judgment or final order, which may be appealed." Appellant also asserts that appellee's counsel does not oppose this court's jurisdiction.
Initially, we note that the fact that the trial court's March 8, 2001 Judgment provides, inter alia, that "This is a judgment or final order, which may be appealed" does not transform a non-final appealable order into a final appealable order. An appellate court is not bound by a trial court's determination on that issue. See, Ft. Frye Teachers Assn. v. Ft.Frye Local School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840. See, also, Pickens v. Pickens (Aug. 27, 1992), Meigs App. No. 459, unreported, at 4; McCoy v. Hines (Oct. 17, 1990), Adams App. Nos. 495 and 497, unreported, at 5.
Upon consideration, this court finds that numerous issues remain to be determined. Furthermore, we note that the trial court's judgment did not provide that "no just reason for delay" exists which is a factor necessary to appeal a judgment that does not fully conclude the proceedings. See Civ.R. 54(B).
Thus, because the Entry from which this appeal is taken does not constitute a final appealable order we hereby dismiss this appeal.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _________________________ Peter B. Abele, Presiding Judge.
Evans, J. Concurs.