MILLER, Appellee,

v.

FIRST INTERNATIONAL FIDELITY & TRUST BUILDING, LTD., Appellants.

[Cite as *Miller v. First Internatl. Fid. & Trust Bldg.,
Ltd.,* 165 Ohio App.3d 281, 2006-Ohio-187.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1311.

Decided Jan. 17, 2006.

Teresa M. Dewey Bacho, for appellee.

Stephen C. Roach, for appellant.

Per Curiam.

{¶ 1} Plaintiff-appellee, Vivian Miller, has filed a motion to dismiss the appeal of appellant, First International Fidelity & Trust Building, Ltd., filed on September 22, 2005. Fidelity has filed a memorandum in opposition to the motion to dismiss.

{¶ 2} Following the trial court's denial of Fidelity's motion for summary judgment in this premises-liability case, the case was tried to a jury in October 2004. The jury returned a $360,000 verdict in favor of Miller and, on October 27, 2004, a judgment was journalized[1] memorializing this verdict. Miller filed a motion for prejudgment interest following the verdict and, on November 5, 2004, Fidelity filed a motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B) and for a new trial pursuant to Civ.R. 59(B).

{¶ 3} On August 30, 2005, the Civ.R. 50(B) and 59(B) motions were denied in a judgment entry containing a Civ.R. 54(B) determination that there is no just reason for delay. On September 22, 2005, Fidelity timely filed its notice of appeal from the order denying its motion for summary judgment, from the jury verdict, and from the denial of its Civ.R. 50(B) and 59(B) motions. This notice of appeal is timely as to all three judgments. See App.R. 4.

---

1. Miller asserts that there is no journalized judgment of the jury verdict. We disagree. Miller is correct that after the jury verdict was announced, the trial court judge entered the following order on October 22, 2004:

"This matter came for jury trial on 10/18–10/21/2004 before judge Charles Kurfess. All counsel and parties present. Court reporter Lake present. Evidence adduced and testimony taken.

"The jury retired to deliberate on 10/21/2004 for deliberation. After due deliberation, the jury signed interrogatories and jury verdict in favor of the plaintiff and awarded damages in the amount of $360,000.00. The jury verdict and interrogatories were accepted and read into the record on 10/21/2004. Parties reserve the right to file an entry within 30 days of the date of this order. See JE."

Notwithstanding the last sentence of this entry, the appearance docket in this case has the following entry:

"EVT: J.E. filed & journalized pertaining to jury trial held October 18–21 verdict in favor of plaintiff *jour 378 84 10/27/04.*" (Emphasis added.)

Thus, the jury verdict was journalized on October 27, 2004, without waiting for the parties to submit an entry within 30 days.

Miller states that she submitted a proposed judgment entry to the trial court judge on November 18, 2004, but it was never acted upon by the judge. We have no reason to doubt this, but there is no indication on the appearance docket that any proposed judgment was submitted, and none was ever signed by the judge.

We hold that the final judgment in this case was journalized on October 27, 2004.

{¶ 4} As noted above, following the verdict in her favor, Miller filed a motion for prejudgment interest pursuant to R.C. 1343.03(C). Miller bases her motion to dismiss Fidelity's appeal on the fact that the trial court has not·yet ruled on her prejudgment-interest motion. Fidelity opposes the motion to dismiss.

{¶ 5} The sole issue this court needs to address is whether the outstanding motion for prejudgment interest renders nonappealable the October 27, 2004 judgment following the jury verdict and the August 30, 2005 order denying the motions for a new trial and for judgment notwithstanding the verdict. There are two schools of thought in Ohio on this question. One holds that the jury-verdict judgment and motion-denial judgment are not appealable until the motion for prejudgment interest is ruled on, unless either the jury-verdict judgment or the motion-denial judgment contains a Civ.R. 54(B) certification that there is no just reason for delay. The other holds that the jury-verdict judgment and motion-denial judgment are not appealable until the motion for prejudgment interest is ruled on *even if* the jury verdict judgment or the motion denial judgment contains a Civ.R. 54(B) certification that there is no just reason for delay.

{¶ 6} The first line of cases stems from a decision of this court in 1992, *Shore v. Helfrich* (June 12, 1992), 6th Dist. No. L–91–173, 1992 WL 131818. In that case, the procedure was as follows:

{¶ 7} April 26, 1991: judgment following trial was entered.

{¶ 8} May 6, 1991: a motion for prejudgment interest was filed.

{¶ 9} May 23, 1991: a notice of appeal from trial verdict was filed.

{¶ 10} May 30, 1991: a motion for prejudgment interest was ruled on.

{¶ 11} On appeal, one of the parties alleged that the trial court had no jurisdiction to rule on the motion for prejudgment interest since an appeal had been filed prior to the ruling. This court addressed the issue as follows:

{¶ 12} "The journal entry which led to the filing of a notice of appeal and a notice of cross-appeal was filed-stamped on April 26, 1991. In that entry no mention was made by the court of any ruling on the question of prejudgment interest. Appellee raised the issue of prejudgment interest in her original complaint and reiterated the request when she filed a post-trial brief. When the court issued the April 26, 1991 entry, therefore, one claim, the claim for prejudgment interest, remained outstanding. This court has jurisdiction to consider appeals from final, appealable orders as defined in R.C. 2505.02 which states in pertinent part:

{¶ 13} " 'An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action

after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial.' R.C. 2505.02.

{¶ 14} "An order is not final and appealable if it does not dispose of all the claims raised in the case and does not have any language showing there is no just cause for delay. Civ.R. 54(B). The April 26, 1991 entry was not a final, appealable order because the claim for prejudgment interest was not disposed of and no language was included in the order to show there was no just cause for delay. The notice of appeal filed on May 23, 1991 and the notice of cross-appeal filed on May 28, 1991 were therefore premature and did not become effective until the May 30, 1991 judgment entry was filed by the trial court granting appellee's request for prejudgment interest. App. R. 4(A). The trial court had jurisdiction to enter an order granting prejudgment interest and the issues related to that order are properly before this court."

{¶ 15} This case has been cited as standing for the rule that if there is an outstanding motion for prejudgment-interest following a verdict after trial, the verdict is not appealable until the prejudgment interest motion is ruled on absent a Civ.R. 54(B) no-just-reason-for-delay determination. See, for example, *Driscoll v. Norprop, Inc.,* (Apr. 3, 1997), 8th Dist. No. 70891, 1997 WL 156701, where the court states:

{¶ 16} "Plaintiff filed suit on April 26, 1994. The case proceeded to a jury trial on March 13, 1996. The jury found in favor of plaintiff. Defendants filed motions for judgment notwithstanding the verdict or, alternatively a new trial. The trial court overruled these motions. Driscoll then filed a motion for prejudgment interest, which was opposed by the defendants, but has yet to be ruled upon by the trial court.

{¶ 17} "Civ.R. 54(B) provides:

{¶ 18} " '(B) Judgment Upon Multiple Claims or Involving Multiple Parties. * * * [A]ny order that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry or judgment adjudicating all the claims and the rights and liabilities of all the parties.'

{¶ 19} "The court's journal entry appealed from does not contain language that 'there is no just reason for delay' pursuant to Civ.R. 54(B). *General Acc. Ins. Co. v. Insurance Co. of North America* (1989), 44 Ohio St.3d 17, 20–21[, 540 N.E.2d 266]; *McCabe/Marra Co. v. Dover* (1995), 100 Ohio App.3d 139, 160[, 652 N.E.2d 236].

{¶ 20} "Therefore, since there has been no ruling on the plaintiff's prejudgment interest motion, the trial court's judgment appealed from [the verdict] is not a final appealable order pursuant to Civ.R. 54(B). See *Potts v. Schwartz* (July 22, 1993), Cuyahoga App. No. 63305, unreported[, 1993 WL 276913]; *Board of Educ. of South Euclid–Lyndhurst City School Dist. v. Nationwide Mutual Insurance Co.* (May 11, 1995), Cuyahoga App. No. 67306, unreported at 5[, 1995 WL 277060]; *Shore v. Helfrich* (June 12, 1992), Lucas App. No. L–91–173, unreported at 7[, 1992 WL 131818]."

{¶ 21} "Appeal dismissed for lack of a final appealable order."

{¶ 22} See, also, *Pearce v. Advanced Realty Mgt., Inc.* (Apr. 20, 2000), 10th Dist. No 99AP–990, 2000 WL 424002; *Fultz v. St. Clair* (May 11, 2001), 11th Dist. No. 2000–L–127; *Rimel v. Northland Ins. Co.* (Nov. 5, 2001), 5th Dist. No. 2001CA00177, 2001 WL 1380825, and *Broberg v. Hsu* (Sept. 23, 2005), 11th Dist. No. 2005–T–0081, 2005 WL 2372806, which all follow the rule that a Civ.R. 54(B) determination will make a verdict entry final despite the existence of an outstanding motion for prejudgment interest.

{¶ 23} The second line of cases begins with *McKee v. Inabnitt* (Sept. 26, 2001), 4th Dist No. 01CA711, 2001 WL 1913873. In that case, the trial court entered a declaratory judgment in favor of State Farm Insurance, awarding it judgment in the amount of $300,000 against Owners Insurance Company. This judgment included a Civ.R. 54(B) determination that there was no just reason for delay. Subsequently, State Farm filed a motion for prejudgment interest and for attorney fees against Owners Insurance Company.

{¶ 24} The Fourth District Court of Appeals addressed the issue of appealability, stating:

{¶ 25} "Generally speaking, judgments that determine liability, but defer the issue of damages for later determination, are not final appealable orders. See *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 546, 684 N.E.2d 72, 72; also see *GTE North, Inc. v. Carr* (1993), 84 Ohio App.3d 776, 778, 618 N.E.2d 249, 250 at fn. 1. An unresolved motion for prejudgment interest is part of the entire claim for relief. See *Pearce v. Advanced Realty Management, Inc.* (Apr. 20, 2000), Franklin App. No. 99AP–990[, 2000 WL 424002], unreported.[2] A determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for

---

2. This court's reading of *Pearce v. Advanced Realty Mgt., Inc.,* does not support the conclusion that it stands for the proposition that "an unresolved motion for prejudgment interest is part of the entire claim for relief." In fact, we find that *Pearce* actually holds that prejudgment interest is a claim *separate* from the basic claim for compensatory damages and, therefore, the inclusion of Civ.R. 54(B) "no just reason for delay" language will make the compensatory damages award final when there is an outstanding motion for prejudgment interest.

relief, rather than a separate claim in and of themselves. See *Horner v. Toledo Hosp.* (1993), 94 Ohio App.3d 282, 290, 640 N.E.2d 857, 861. In addition, this Court and others have consistently held that judgments awarding attorney fees, but deferring the amount of those fees for later adjudication, do not determine the action and therefore are neither final nor appealable. See, e.g., *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.* (1993), 87 Ohio App.3d 840, 843, 623 N.E.2d 232, 234; *Cole v. Cole* (Nov. 8, 1993), Scioto App. No. 93CA2146, unreported[, 1993 WL 472883]; *Pickens v. Pickens* (Aug. 27, 1992), Meigs App. No. 459, unreported[, 1992 WL 209498]; *State ex rel. Van Meter v. Lawrence Cty. Bd. of Commrs.* (Aug. 26, 1992), Lawrence App. No. 91CA25, unreported[, 1992 WL 208960]; also see *Bilder v. Hayes* (Jan. 25, 1995), Summit App. No. 16704, unreported[, 1995 WL 28990]; *Baker v. Eaton Corp.* (Dec. 10, 1990), Stark App. No. CA–8235, unreported[, 1990 WL 200296].

{¶ 26} "We recognize that the trial court's judgment entry in the case sub judice provides that the judgment 'constitutes a final appealable order' and includes a finding of 'no just cause for delay.' See Civ.R. 54(B). This language does not, however, cure the jurisdictional defect. Damages are part of a claim for relief, rather than a separate claim in and of itself, and therefore a determination of liability without a determination of damages is not a final appealable order even with the addition of Civ.R. 54(B) language. See *Hitchings v. Weese* (1997), 77 Ohio St.3d 390, 391, 674 N.E.2d 688, 689 (Resnick, J., Concurring): also see *Horner v. Toledo Hosp.* (1993), 94 Ohio App.3d 282, 288–289, 640 N.E.2d 857, 861–862. A finding of 'no just reason for delay' pursuant to Civ.R. 54(B) does not make appealable an otherwise nonappealable order. *McCabe/Marra Co. v. Dover* (1995), 100 Ohio App.3d 139, 160, 652 N.E.2d 236, 249; *Cassim v. Cassim* (1994), 98 Ohio App.3d 576, 579, 649 N.E.2d 28, 30; *Palmer v. Westmeyer* (1988), 48 Ohio App.3d 296, 302, 549 N.E.2d 1202, 1209. Furthermore, an appellate court is not bound by a trial court's determination that its judgment constitutes a final appealable order. See, *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.* (1993), 87 Ohio App.3d 840, 623 N.E.2d 232. See, also, *Pickens v. Pickens* (Aug. 27, 1992), Meigs App. No. 459, unreported, at 4[, 1992 WL 209498]; *McCoy v. Hines* (Oct. 17, 1990), Adams App. Nos. 495 and 497, unreported, at 5[, 1990 WL 155771].

{¶ 27} "Accordingly, because the judgment from which this appeal is taken does not constitute a final appealable order, we lack jurisdiction to consider the instant appeal. Thus, we hereby dismiss the appeal."

{¶ 28} The holding in *McKee* is based on the determination that prejudgment interest is part of the entire damages award, and without all of the damages being resolved, the order determining liability and some of the damages is not final and appealable even with a Civ.R. 54(B) determination. The Ninth and

Tenth Appellate Districts cite and follow the conclusion in *McKee*. See *Reida v. Thermal Seal, Inc.*, 10th Dist. No. 01AP–354, 2001–Ohio–3998, 2001 WL 1512037, and *Walter v. Allstate Ins. Co.*, 9th Dist. No 21599, 2004–Ohio–3080, 2004 WL 1337860.

{¶ 29} Miller urges us to follow *McKee* and its progeny and rule that even with the Civ.R. 54(B) "no just reason for delay" determination, the trial court's judgment determining liability and awarding compensatory damages is not appealable. Fidelity urges us to follow *Driscoll v. Norprop* and hold that the trial court's Civ.R. 54(B) determination in this case makes the jury verdict appealable despite the outstanding motion for prejudgment interest. Fidelity's argument is:

{¶ 30} "[This] appeal includes both procedural and substantive issues. These issues should be determined by this court while the prejudgment interest issue remains pending. Plaintiff/Appellant will not be prejudiced if this court proceeds with this appeal. Defendant/Appellant has posted a sufficient bond to satisfy any judgment rendered against it in this matter, whether prejudgment interest is granted or not.

{¶ 31} "If this court finds reversible error on appeal, the prejudgment interest issue will become moot. Defendant/Appellant should not be required to litigate the prejudgment interest issue in the trial court until after the merits of Defendant/Appellant's appeal has [sic] been determined."

{¶ 32} We find the *McKee* line of cases persuasive. Generally, Ohio courts do not favor piecemeal appeals. "To sever the issue of damages from the issue of liability is to invite piecemeal appeals—the very thing Civ.R. 54(B) was designed to guard against." *Newcomer v. Nationwide Ins. Ent.*, 10th Dist. No. 02AP–873, 2003–Ohio–960, 2003 WL 723231, at ¶ 13. Further, where prejudgment interest is requested, it is an element of the damages to be proven upon a finding of liability. Until the damages are all determined, the finding of liability and award of compensatory damages only is not final, and Civ.R. 54(B) "no just reason for delay" language will not make it appealable.

{¶ 33} Accordingly, we find the motion to dismiss well taken.

{¶ 34} Section 3(B)(4), Article IV of the Ohio Constitution states:

{¶ 35} "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."

{¶ 36} In today's decision, we hold that where prejudgment interest is sought, it is just another element of damages requested upon a finding of liability. Until

the damages are all determined, the finding of liability and award of compensatory damages only are not final, and Civ.R. 54(B) "no just reason for delay" language will not make it appealable. This holding is in conflict with *Driscoll v. Norprop, Inc.*, (Apr. 3, 1997), 8th Dist. No. 70891, 1997 WL 156701; *Fultz v. St. Clair* (May 11, 2001), 11th Dist. No.2000–L–127; *Rimel v. Northland Ins. Co.* (Nov. 5, 2001), 5th Dist. No. 2001CA00177, 2001 WL 1380825, and *Broberg v. Hsu* (Sept. 23, 2005), 11th Dist. No. 2005–T–0081, 2005 WL 2372806.

{¶ 37} Given this actual conflict between our district and the Fifth, Eighth, and Eleventh Appellate Districts, we hereby certify the record of this case to the Supreme Court of Ohio for review and final determination on the following question: Where prejudgment interest is sought and the trial court makes a determination of liability and awards compensatory damages, will a Civ.R. 54(B) "no just reason for delay" determination make the liability and compensatory damages award immediately appealable if there is an unresolved motion for prejudgment interest in the trial court?

{¶ 38} The parties are directed to S.Ct.Prac.R. IV for guidance in how to proceed.

{¶ 39} The court orders this appeal dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Appeal dismissed.

HANDWORK, PIETRYKOWSKI, and SKOW, JJ., concur.