MILLER, APPELLEE, *v.* FIRST INTERNATIONAL FIDELITY & TRUST BUILDING, LTD.; FIRST INTERNATIONAL FIDELITY GUARANTEE BUILDING PARTNERSHIP, P.L.L., APPELLANT.

[Cite as *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.,* 113 Ohio St.3d 474, 2007-Ohio-2457.]

(No. 2006–0373—Submitted January 23, 2007—Decided June 6, 2007.)

PFEIFER, J.

{¶ 1} In October 2004, a jury returned a verdict in favor of appellee, Vivian Miller, who subsequently filed a motion for prejudgment interest. See R.C. 1343.03(C). Appellant, First International Fidelity Guarantee Building Partnership, P.L.L., appealed from the journal entry overruling its motion for judgment notwithstanding the verdict or for a new trial, before the prejudgment-interest motion had been resolved. The court of appeals dismissed the appeal for lack of a final, appealable order. The issue before us is whether a journalized jury verdict is a final, appealable order when a motion for prejudgment interest has been filed and remains pending.

{¶ 2} Under R.C. 2505.02:

{¶ 3} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶ 5} A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). For purposes of this case, we will assume that the jury's verdict deprived First International Fidelity of a substantial right.

{¶ 6} To be final, however, "an order must also determine an action and prevent a judgment." *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64, citing *Gen. Elec. Supply Co. v. Warden Elec., Inc.* (1988), 38 Ohio St.3d 378, 528 N.E.2d 195, syllabus; R.C. 2505.02(B)(1). "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260. See *State ex rel. Downs v. Panioto,* 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 20.

{¶ 7} "Generally, orders determining liability [that defer] the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment." *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 546, 684 N.E.2d 72. The *White* opinion recognized an exception to this general rule "where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains." Id. Unlike in the *White* case, the trial court in this case did not defer the issue of damages, but *White* is nevertheless instructive. Prejudgment interest is neither damages nor an easily computed cost. Determining whether to grant prejudgment interest is not a merely ministerial task; it requires the trial court to find that "the party required to pay the judgment failed to make a good faith effort to settle" and that "the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case." *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331. See R.C. 1343.03(C). Determining whether prejudgment interest should be awarded requires judicial fact-finding and the exercise of judicial discretion. We conclude that, as between damages and costs, prejudgment interest is more in the nature of damages.

{¶ 8} First International Fidelity argues that allowing an appeal before the determination of prejudgment interest will promote judicial economy. We dis-

agree. Judicial economy will be promoted only when the appellant succeeds on appeal. When the appellant fails on appeal, the cause would be remanded for a determination of prejudgment interest. That determination would also be subject to appeal, to the same court of appeals. See *White,* 79 Ohio St.3d at 546, 684 N.E.2d 72 (exception to general rule does not apply when computation of damages is likely to result in second appeal). We conclude that judicial economy would be better served by allowing the trial court to determine whether prejudgment interest should be awarded before an appeal can be filed. Then, on appeal, all appealable issues will be before the court of appeals.

{¶ 9} We are mindful of First International Fidelity's concern that during discovery in the R.C. 1343.03(C) proceeding for prejudgment interest, an appellee could discover information that would prejudice the appellant's appeal. We have already addressed this concern. In *Moskovitz,* 69 Ohio St.3d at 661–662, 635 N.E.2d 331, we stated that many privileged matters are discoverable in an R.C. 1343.03(C) proceeding—otherwise it would be virtually impossible to determine whether there had been a good-faith effort to settle. We also stated, however, that matters that "go directly to the theory of defense" remain privileged. Id. at 662, 635 N.E.2d 331. Accordingly, Miller's ability to obtain discovery of otherwise privileged matters will not assist it, or prejudice First International Fidelity, during the appellate process.

{¶ 10} Finally, First International Fidelity directs us to the journal entry appealed from in this case, in which the trial judge determined that there was "no just reason for delay." First International Fidelity argues that such a finding renders the jury verdict in this case a final, appealable order, citing Civ.R. 54(B). But that rule does not apply, because this case does not involve the entry of judgment "as to one or more but fewer than all of the claims or parties." Civ.R. 54(B). It is only in cases in which fewer than all the claims or fewer than all the parties are disposed of in the entry that the phrase "no just reason for delay" has meaning. In this case, judgment was entered on all claims and against all parties; thus, the words "no just reason for delay" do not apply and cannot transform the judgment into a final, appealable order. *Hitchings v. Weese* (1997), 77 Ohio St.3d 390, 391, 674 N.E.2d 688 (Resnick, J., concurring) (" 'no just reason for delay' language could not transform an order that was not final for purposes of R.C. 2505.02 into a final appealable order for Civ.R. 54(B) purposes"). See *State ex rel. A & D Limited Partnership v. Keefe* (1996), 77 Ohio St.3d 50, 671 N.E.2d 13.

{¶ 11} In this case, a postjudgment matter—the motion for prejudgment interest—remained to be determined. The judgment entry did not, therefore, "dispose of the whole merits of the cause or some separate and distinct branch thereof and *leave nothing for the determination of the court.*" (Emphasis added.)

*Hamilton Cty. Bd. of Mental Retardation,* 46 Ohio St.3d at 153, 545 N.E.2d 1260. This fact alone is sufficient for us to conclude that the jury verdict in this case is not a final, appealable order. We hold that a journalized jury verdict is not a final, appealable order when a motion for prejudgment interest has been filed and remains pending. We affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., O'Connor and Cupp, JJ., concur.

Lundberg Stratton, O'Donnell and Lanzinger, JJ., dissent.

---

**O'Donnell, J., dissenting.**

{¶ 12} Respectfully, I dissent.

{¶ 13} In this action, two separate claims for relief have been presented to the trial court. It is my view that a claim for prejudgment interest is separate and distinct from a claim based on tortious conduct for which the court has rendered a judgment.

{¶ 14} A "claim" is "[t]he aggregate of operative facts giving rise to a right enforceable by a court." Black's Law Dictionary (8th Ed.2004) 264; see, also, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 383, 653 N.E.2d 226. Here, the operative facts giving rise to Miller's negligence claim focus on the tortious actions of First International Fidelity & Trust Building, Ltd. However, the operative facts giving rise to a claim for prejudgment interest do not involve that underlying tortious conduct, but rather arise from a party's conduct subsequent to the injury and involve a determination as to whether a party made a good-faith effort to settle the case.

{¶ 15} The proper method for resolving this case involves an examination of Civ.R. 54(B), which provides: "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and *whether arising out of the same or separate transactions,* * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties *only upon* an express determination that there is no just reason for delay." (Emphasis added.)

{¶ 16} In the matter now before the court, Vivian Miller tripped and fell while cleaning the basement of a building owned by First International. She sued to recover for her injuries, a jury returned a $360,000 verdict in her favor, and the court entered that judgment on October 27, 2004. Subsequently, the parties filed motions for prejudgment interest, judgment notwithstanding the verdict ("JNOV"), and for a new trial. Thereafter, the court denied the motions for new trial and JNOV. Without ruling on the pending motion for prejudgment interest,

the court incorporated a Civ.R. 54(B) determination of no just reason for delay. First International appealed, and in response to Miller's motion, the court of appeals dismissed the appeal for lack of a final, appealable order. *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 165 Ohio App.3d 281, 2006-Ohio-187, 846 N.E.2d 87, ¶ 39.

{¶ 17} On May 10, 2006, this court accepted a discretionary appeal to consider this proposition of law: "Where a trial court makes a determination of liability and awards compensatory damages, a finding of 'no just reason for delay' pursuant to Civ.R. 54(B) makes the liability and damages determination a final appealable order, even though a motion for prejudgment interest remains pending."

{¶ 18} Appellate courts are divided on resolution of this question. In *Shore v. Helfrich* (June 12, 1992), Lucas App. No. L–91–173, 1992 WL 131818, the court, in considering a matter involving prejudgment interest, stated, "The April 26, 1991 entry was not a final, appealable order because the claim for prejudgment interest was not disposed of and no language was included in the order to show there was no just cause for delay." Id. at *5. See, also, *Driscoll v. Norprop, Inc.* (Apr. 3, 1997), Cuyahoga App. No. 70891, 1997 WL 156701, *1; *Pearce v. Advanced Realty Mgt., Inc.* (Apr. 20, 2000), Franklin App. No. 99AP–990, 2000 WL 424002, *1; *Rimel v. Northland Ins. Co.* (Nov. 5, 2001), Stark App. No. 2001CA00177, 2001 WL 1380825, *2; *Broberg v. Hsu*, Trumbull App. No. 2005–T–0081, 2005-Ohio-5115, 2005 WL 2372806, ¶ 8.

{¶ 19} The court in *McKee v. Inabnitt* (Sept. 26, 2001), Adams App. No. 01CA711, 2001 WL 1913873, *2, adopted a different line of reasoning. There, citing several cases, the court concluded that a judgment finding liability but deferring the issue of damages is not a final, appealable order.

{¶ 20} The appellate court in the instant case found the *McKee* analysis persuasive. The court stated, "In today's decision, we hold that where prejudgment interest is sought, it is just another element of damages requested *upon a finding of liability*. Until the damages are all determined, the *finding of liability* and award of compensatory damages only are not final, and Civ.R. 54(B) 'no just reason for delay' language will not make it appealable." (Emphasis added.) *Miller*, 165 Ohio App.3d 281, 2006-Ohio-187, 846 N.E.2d 87, ¶ 36.

{¶ 21} The *McKee* analysis as adopted by the appellate court here assumes that the amount of damages flows from a single finding of liability, presumably arising from the tortious conduct. That assumption is not, however, factually accurate. While a claim of negligence can arise from tortious conduct, a claim for prejudgment interest is not dependent upon such a finding; rather, it arises from a separate factual determination made not by a jury involving the conduct of parties which gave rise to the claim, but rather from the actions of the parties

subsequent to the tortious conduct and the court's determination regarding whether they made a good-faith effort to settle the case.

{¶ 22} It may be that a determination of liability without a determination of damages is not a final, appealable order, but that statement of law is not the basis for resolving this matter. In this case, the trial court entered a $360,000 judgment on the finding of liability on the tortious conduct claim, denied motions for JNOV and new trial, did not rule on the pending prejudgment-interest motion, but included the "no just reason for delay" language of Civ.R. 54(B) into its judgment entry. The determination of prejudgment interest does not emanate from the negligence claim for relief arising out of the tortious conduct determined by the jury; rather, it arises from a separate statutory claim, with different statutory elements for separate determination by the trial court. While it is true that these distinct claims are part of one action, the operative facts that give rise to the negligence claim differ from those that give rise to the prejudgment-interest claim. Moreover, the determination of the negligence claim does not immediately result in a damage award on the prejudgment interest claim, which by statute is a separate determination for the court to make "at a hearing held subsequent to the verdict or decision in the action that the party requested to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case * * *." R.C. 1343.03(C).

{¶ 23} Trial courts of this state regularly exercise discretion in determining whether and under what circumstances judgments entered shall become final and appealable. Courts exercise this discretion by following the authority granted pursuant to Section 5(B), Article IV of the Ohio Constitution conferring rule-making power upon the Supreme Court of Ohio. Pursuant to that authority, the court promulgated Civ.R. 54(B). Thus, the trial court here had discretion to permit appeal of a judgment entered pursuant to a jury verdict on the negligence claim by adding the "no just reason for delay" language of Civ.R. 54(B) to its entry, thereby specifically reserving its ruling on the remaining claim for prejudgment interest.

{¶ 24} In my view, because the two claims for relief are separate and distinct and arise based on proof of different elements although combined into one cause of action, the trial court judgment comports with R.C. 1343.03(C) and Civ.R. 54(B). Accordingly, I would reverse the judgment of the court of appeals.

LUNDBERG STRATTON and LANZINGER, JJ., concur in the foregoing opinion.

———————

Teresa M. Dewey Bacho, for appellee.

Stephen C. Roach, for appellant.

Frost Brown Todd, L.L.C., and Douglas R. Dennis, urging reversal for amicus curiae, Ohio Association of Civil Trial Attorneys.