{¶ 36} I respectfully dissent from the decision of the majority to address the merits of this appeal. I find that this Court lacks jurisdiction to act.
 {¶ 37} As is stated above, appellees filed their complaint against appellant Kirk Bros. Co., Inc and the Village of Mt. Gilead. While appellant, in its brief, states that "[i]mmediately before trial of the case, Burson Trucking dismissed the Village of Mount Gilead as a party from which it sought any judgment"[1], no entry or notice dismissing such party has been filed in the trial court in this matter.
 {¶ 38} In short, the December 20, 2005, Decision and Judgment Entry appealed from does not determine the matter as to all parties. The matter is resolved in regard to some of the parties only. Claims continue to be pending against the Village of Mt. Gilead. Moreover, the December 20, 2005, Decision and Judgment Entry does not contain the required language of Civ.R. 54(B) that "there is no just cause for delay."[2] *Page 12 
Having failed to meet the requirements of Civ.R. 54(B), we find the Judgment appealed from is not a final appealable order. Accordingly, this Court has no jurisdiction to hear appellant's appeal.
 {¶ 39} Thus, the appeal should be dismissed for want of jurisdiction. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court to make the noted changes.
[1] The trial court, in its December 20, 2005, decision, also indicated that Mount Gilead had been dismissed as a party. However, as is stated above, there is no entry or notice in the record dismissing such party. Nor does the docket indicate that such a notice or entry was filed.
[2] Such rule applies when judgment is entered as to one or more but fewer than all of the parties. See Miller v. First Internatl. Fid. Trust Bldg., Ltd., 113 Ohio St.3d 474, 2007-Ohio-2457, 866 N.E.2d 1059
at paragraph 10. *Page 1