DECISION AND JUDGMENT ENTRY
{¶ 1} Gibbs Associates and James Gibbs (hereinafter collectively "Gibbs") appeal the judgments of the Highland County Court of Common Pleas following a jury trial involving a damaged mobile home. In addition, Bonnie Britton appeals the trial court's judgment granting a directed verdict in favor of Progressive Insurance Company (hereinafter "Progressive"). On appeal, the parties collectively assert eleven assignments of error. However, the trial court never disposed of the plaintiffs' prayer for attorney fees, as part of the damages award requested in the complaint. Therefore, we find that Gibbs and Britton did not appeal judgments that are final, appealable orders. Accordingly, we dismiss this appeal. *Page 2 
 I. {¶ 2} Mikel Nicholas and Lucinda Nicholas (hereinafter collectively "Nicholas") purchased a mobile home with the help of Britton and Debbie Goldie. Nicholas needed to move the mobile home from Milford, Ohio, to Lynchburg, Ohio. Britton purchased a Progressive insurance policy from Gibbs Associates to cover the home before the move.
 {¶ 3} Wayne Johnson moved the mobile home. After he moved the first half of the home to a lot in Lynchburg, lightning struck it and caused heavy damage. Britton made a claim under the Progressive policy. Progressive denied the claim.
 {¶ 4} Britton, Nicholas, Jeffrey Goldie, and Debra Goldie filed a complaint for breach of contract and requested damages, including attorney fees, against Gibbs, Progressive, Wayne Johnson, Debbie Johnson, and various John Doe defendants. Eventually, the case went to trial. The court granted Progressive a directed verdict on the ground that the "in transit" exclusion applied. The jury returned a verdict in favor of the plaintiffs and against Gibbs in the amount of $30,313, with interest at a rate of six percent per annum. The court did not dispose of the plaintiffs' request in their complaint for attorney fees.
 {¶ 5} On appeal, Gibbs asserts nine assignments of error and Britton asserts two assignments of error
 II. {¶ 6} Initially, we address the threshold issue of whether the judgment entries appealed are final, appealable orders. Appellate courts have no "jurisdiction to review *Page 3 
an order that is not final and appealable." Oakley v. Citizens Bank ofLogan, Athens App. No. 04CA25, 2004-Ohio-6824, ¶ 6, citing Section3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v.Ins. Co. of N. America (1989), 44 Ohio St.3d 17; Noble v. Colwell
(1989), 44 Ohio St.3d 92. Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court."In re Nichols, Washington App. No. 03CA41, 2004-Ohio-2026, ¶ 6, citingFt. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.
(1993), 87 Ohio App.3d 840, 843, fn. 4, citing Pickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459. This court has "no choice but to sua sponte dismiss an appeal that is not from a final appealable order." Id. at ¶ 6, citing Whitaker-Merrell v. Geupel Constr. Co. (1972),29 Ohio St.2d 184.
 {¶ 7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C.2505.02(B). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley LampCo. (1971), 27 Ohio St.2d 303, 306.
 {¶ 8} Here, the plaintiffs sought damages for a breach of a contract. A cause of action for breach of contract, seeking damages, is recognized at common law, and thus, is not a special proceeding. See, e.g.,Ohio and Vicinity Regional Council of Carpenters v. McMarty, Trumbull App. No. 2005-T-0063, 2006-Ohio-2019, ¶ 10. Thus, we must determine if the judgments Gibbs and Britton appeal affect "a substantial right in an action that in effect determines the action and prevents a judgment[.]" *Page 4 
 {¶ 9} An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) to be final and appealable." Noble v. Colwell (1989), 44 Ohio St.3d 92, at syllabus. However, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ.R. 54(B), the order is not final and appealable. See Jackson v. Scioto Downs, Inc. (1992),80 Ohio App.3d 756, 758.
 {¶ 10} Here, only one claim or remedy is involved, i.e., damages for breach of contract. Therefore, Civ.R. 54(B) does not apply.
 {¶ 11} This court has continuously held that "[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves." Shelton v. Eagles Foe Aerie2232 (Feb. 15, 2000), Adams App. No. 99CA678, citing Horner v. ToledoHospital (1993), 94 Ohio App.3d 282. Where a prayer for relief requests a particular type of damages and the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists. See In re Sites, Lawrence App. No. 05CA39, 2006-Ohio-3787, ¶ 16
(holding that "the trial court's failure to resolve appellees' attorney fees request renders the judgment against appellants interlocutory[,]" requiring this court "to dismiss the appeal for lack of jurisdiction"); see, also, Miller v. First International Fidelity Trust Building, Ltd., 165 Ohio App.3d 281, 2006-Ohio-187, ¶ 36
(holding that "where prejudgment interest is sought, it is just another element of damages requested upon a finding of liability" and "[u]ntil the damages are all *Page 5 
determined, the finding of liability and award of compensatory damages only are not final, and Civ.R. 54(B) `no just reason for delay' language will not make it appealable").
 {¶ 12} Therefore, because the plaintiffs' prayer for attorney fees remains unresolved, we find that the trial court did not resolve the entire claim. Consequently, Gibbs and Britton did not appeal final appealable orders.
 {¶ 13} Accordingly, we dismiss this appeal for lack of jurisdiction.
 APPEAL DISMISSED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and Appellants, Gibbs Associates and James Gibbs, and Cross-Appellant, Bonnie Britton, pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1