DECISION AND JUDGMENT ENTRY
{¶ 1} Richard K. Rose, RSB Restaurants, LLC, Jividen's Power Equipment, LLC, and RCC Holding Company, LLC (hereinafter "appellants") appeal the judgments of the Gallia County Court of Common Pleas, which denied appellants two separate Civ. R. 60(B) motions for relief from judgments favoring appellee Fifth Third Bank. On appeal, appellants assert two assignments of error, i.e., that the trial court abused its discretion when it denied each of the two Civ. R. 60(B) motions. However, the two judgment entries the court entered against appellants awarded attorney fees to appellee, but failed to specify the amount of such fees awarded. As such, the trial court never *Page 2 
completely disposed of the appellee's request for attorney fees, as part of the damages award requested in the two complaints. Therefore, we find that appellants did not appeal judgments that are final, appealable orders. Accordingly, we dismiss this appeal.
 I. {¶ 2} Appellant Rose borrowed money from appellee to construct three Bennigan's restaurants. Eventually, appellee filed two complaints. The first complaint involved the loans and notes. Following confessions of judgment, the court entered judgment in favor of appellee. The judgment awarded attorney fees to appellee but did not specify an amount.
 {¶ 3} The second complaint involved an overdrawn account. Eventually, the court entered a default judgment in favor of appellee. The default judgment awarded attorney fees to appellee but did not specify an amount.
 {¶ 4} Appellants filed separate Civ. R. 60(B) motions for relief from the two judgments. After a hearing, the trial court denied both motions.
 {¶ 5} Appellants appeal the judgments of the trial court and assert that the trial court abused its discretion when it denied the two Civ. R. 60(B) motions.
 II. {¶ 6} Initially, we address the threshold issue of whether the judgment entries appealed are final, appealable orders. Appellate courts have no "jurisdiction to review an order that is not final and appealable." Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25,2004-Ohio-6824, ¶ 6, citing Section 3(B)(2), Article IV of the Ohio *Page 3 
Constitution; General Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." In re Nichols, Washington App. No. 03CA41,2004-Ohio-2026, ¶ 6, citing Ft. Frye Teachers Assn. v. Ft. Frye LocalSchool Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, fn. 4, citingPickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459. This court has "no choice but to sua sponte dismiss an appeal that is not from a final appealable order." Id. at ¶ 6, citing Whitaker-Merrell v. Geupel Constr.Co. (1972), 29 Ohio St.2d 184.
 {¶ 7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C. 2505.02(B). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley LampCo. (1971), 27 Ohio St.2d 303, 306. Orders adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) to be final and appealable." Noble v. Colwell (1989),44 Ohio St.3d 92, syllabus.
 {¶ 8} When trial courts fail to "resolve an entire claim, regardless of whether the order meets the requirements of Civ. R. 54(B), the order is not final and appealable." Britton v. Gibbs Assoc, Highland App. No. 06CA34, 2008-Ohio-210, ¶ 9, citing Jackson v. Scioto Downs, Inc. (1992),80 Ohio App.3d 756 ("No single claim has been fully resolved and no defendant has had all the claims against him or her resolved. The fact *Page 4 
that the trial judge noted that `[t]here is no just cause for delay' does not make this order a final appealable order."). See, also,Miller v. First International Fidelity Trust Building, Ltd.,165 Ohio App.3d 281, 2006-Ohio-187, ¶ 36 (holding that "where prejudgment interest is sought, it is just another element of damages requested upon a finding of liability" and "[u]ntil the damages are all determined, the finding of liability and award of compensatory damages only are not final, and Civ. R. 54(B) `no just reason for delay' language will not make it appealable").
 {¶ 9} Here, in both the cognovit judgment entry entered in Case No. 06CV81 and the default judgment entry entered in Case No. 06CV80, the trial court awarded appellee attorney fees. Further, the court (like the courts in Jackson and Miller) used Civ. R. 54(B) "NO JUST REASON FOR DELAY" language. However, the trial court never specified an amount of attorney fees awarded to appellee.
 {¶ 10} This court has continuously held that "[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves." (Cites omitted.) Britton at ¶ 11. This case presents a similar situation faced by this court in Ft.Frye, supra. There, "[t]he lower court expressly awarded `reasonable attorney fees' to the teachers association but did not specify an amount therein." Because the trial court's judgment in Ft. Frye "failed to designate an amount of attorney fees to be awarded[,]" the judgment entry appealed "left a portion of the case undecided." As a result, we held that "[t]he judgment is neither final nor appealable and this court is without jurisdiction to consider the matter on its merits" and dismissed the appeal. *Page 5 
 {¶ 11} Here, like Ft. Frye, the judgment entries entered against appellants awarded attorney fees to appellee, but failed to specify the amount of such fees awarded. Thus, neither the cognovit nor default judgment entries were final appealable orders.
 {¶ 12} Further, an order declining to vacate a non-final appealable order is also not a final appealable order. Fleenor v. Caudill, Scioto App. No. 03CA2886, 2003-Ohio-6513, ¶ 13, citing State v. Huff
(Jan. 31, 1994), Scioto App. No. 2118 (Stephenson, J., concurring). As a result, we note that "Civ. R. 60(B) is not the proper procedural device a party should employ when seeking relief from a non-final order." Id. at ¶ 12, citing Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525. Because the orders appellants sought to vacate were not final orders, their motions purporting to request relief from judgment pursuant to Civ. R. 60(B) should be construed as motions to reconsider. Id. at ¶ 13. Therefore, the denial of those motions present mere interlocutory orders and "are not appealable until the trial court renders a final judgment." Id., citing Vanest.
 {¶ 13} Accordingly, we dismiss this appeal for lack of jurisdiction.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and Appellants pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions. *Page 6 
Abele, P.J.: Concurs in Judgment and Opinion.
McFarland, J.: Not Participating.