DECISION AND JUDGMENT ENTRY
{¶ 1} Randy and Donna Cooper ("Coopers") appeal the judgment of the Ross County Court of Common Pleas conditionally granting injunctive relief in favor of Richard and Brandy Huspen ("Huspens"). On appeal, the Coopers contend that the trial court erred in awarding injunctive relief in favor of the Huspens. However, the trial court's order contemplates further action and also never disposed of the Huspens' prayer for attorney fees requested in Huspens' complaint. Therefore, we find that the Coopers did not appeal a judgment that is a final, appealable order. Accordingly, we dismiss this appeal.
 I. {¶ 2} The Huspens and Coopers are next-door neighbors in a low-lying area near Kingston, Ohio. During heavy rains, the front yards of both properties experience *Page 2 
the ponding of surface water. The Coopers built their home in 1996, and after experiencing ponding water on the property, raised their driveway approximately one foot in height in 1999 with the consent of their then next-door neighbors, the Wests, predecessors in title to the Huspen property.[1] The Huspens purchased their property in the spring of 2004. The Huspens allege they were unaware of flooding and drainage problems at the time of their purchase.
 {¶ 3} The Huspens filed a complaint against the Coopers on October 12, 2005. The Huspens alleged that before 2004, the Coopers "wrongfully and unlawfully constructed an earthen levy running east to west across [the Coopers'] land which has prevented surface waters from flowing through such depression through [the Huspens'] land" causing "surface water to remain on [the Huspens'] land for a substantially longer period than they would naturally remain following rainfalls * * *." The Huspens sought an order: (1) requiring the Coopers to remove the earthen levy and other action to restore the natural drainage of surface water on the properties; (2) injunctive relief preventing the obstruction or interference with the natural drainage of surface water on the properties; (3) damages; and (4) attorneys fees and costs.
 {¶ 4} After the court denied the Coopers' motion for summary judgment, the case proceeded to trial. Following the close of the Huspens' case, the trial court granted a directed verdict in favor of the Coopers on the issue of damages after finding that the Huspens failed to present any evidence showing a reduction in value of the Huspens' property as the result of the Coopers' alleged acts. The case then proceeded *Page 3 
with regard to the Huspens' request for injunctive relief. With regard to the injunction claim, the court concluded:
 defendants have contributed to causing an unreasonable and dangerous condition on the property of plaintiffs and that they should share in the alleviation of said condition. It is therefore ordered the plaintiffs shall be given a period of 60 days from the filing of this entry in which to investigate ways to increase the flow under defendants' lane and the costs related thereto. Defendants are to co-operate with this study and with any resulting, necessary construction and pay a third of any costs, up to twenty-five hundred dollars.
 * * *
 The reasonable co-operation of each party is expected. If no action is taken within the sixty-day period, this matter will be terminated. If construction is commenced, the court will retain jurisdiction.
 {¶ 5} The Coopers now appeal asserting the following assignment of error: THE TRIAL COURT ERRED IN AWARDING INJUNCTIVE RELIEF TO PLAINTIFFS-APPELLANTS.
 II. {¶ 6} Initially, we address the threshold issue of whether the judgment entry appealed is a final, appealable order. Appellate courts have no "jurisdiction to review an order that is not final and appealable." Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25,2004-Ohio-6824, ¶ 6, citing Section 3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." In re Nichols, Washington App. No. 03CA41,2004-Ohio-2026, ¶ 6, citing Ft. Frye Teachers Assn. v. *Page 4 Ft. Frye Local School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840,843, fn. 4, citing Pickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459. This court has "no choice but to sua sponte dismiss an appeal that is not from a final appealable order." Id. at ¶ 6, citingWhitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184.
 {¶ 7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C. 2505.02(B). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley LampCo. (1971), 27 Ohio St.2d 303, 306.
 {¶ 8} An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." Noble at syllabus. However, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ. R. 54(B), the order is not final and appealable. SeeJackson v. Scioto Downs, Inc. (1992), 80 Ohio App.3d 756, 758. Further, a judgment contemplating further action by the court is not a final appealable order. Nationwide Assur. Inc, v. Thompson, Scioto App. No. 04CA2960, 2005-Ohio-2339, ¶ 8, citing Bell v. Horton,142 Ohio App.3d 694, 696, 2001-Ohio-2593.
 {¶ 9} Here, the court's judgment entry contemplates further action by the court. Upon the Huspens failure to take action within sixty-days, the court stated its intention to terminate the case, making the Coopers responsible to the Huspens for nothing. However, assuming action was taken by the Huspens within sixty-days, the order *Page 5 
makes the Coopers responsible for an undetermined amount up to $2,500. Because further action by the court is required to terminate the action, the order is not a final appealable order.
 {¶ 10} Further, the Supreme Court of Ohio recently held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim * * * is not a final, appealable order." Internatl. Bhd. Of Electrical Workers, Local UnionNo. 8 v. Vaughn Industries, L.L.C., 116 Ohio St.3d 335, 2007-Ohio-6439, paragraph two of the syllabus. This court has continuously held that "[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves." Shelton v.Eagles Foe Aerie 2232 (Feb. 15, 2000), Adams App. No. 99CA678, citingHorner v. Toledo Hospital (1993), 94 Ohio App.3d 282. Where a prayer for relief requests a particular type of damages and the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists. See Britton v. Gibbs Assoc, Highland App. No. 06CA34, 2008-Ohio-210, ¶ 12; In re Sites, Lawrence App. No. 05CA39,2006-Ohio-3787, ¶ 16; see, also, Miller v. First International Fidelity Trust Building, Ltd., 165 Ohio App.3d 281, 2006-Ohio-187, ¶ 36.
 {¶ 11} Here, the Huspens prayed for attorney fees in their original complaint. The trial court's order does not dispose of that prayer for relief. As a result, the order cannot be a final, appealable order.
 III. {¶ 12} Accordingly, we dismiss this appeal for lack of jurisdiction.
 APPEAL DISMISSED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and Appellants pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.
[1] The Coopers' act of raising their driveway was in response to excavations performed on the Wests' property that allegedly increased the presence of water on the Coopers' property. *Page 1