OPINON
{¶ 1} Defendant-appellant, Martha Mast, appeals a decision of the Clinton County Court of Common Pleas confirming the report of the commissioners in a partition action brought by plaintiffs-appellees, James A. Ellis and Evalind Pickering.
 {¶ 2} Appellees, appellant, and Marilyn Iesulauro each own a one-fourth undivided *Page 2 
interest in a nearly 770-acre estate located in Clinton and Fayette Counties, Ohio.[1] The estate is comprised of three farms situated on three noncontiguous tracts of land: (1 ) a 313-acre tract located on U.S. 22 and S.R. 3, (2) a 302-acre tract located on S.R. 72 and Powers Road, and (3) a nearly 155-acre tract located on S.R. 72 and Morris Road.[2]
 {¶ 3} On September 2, 2005, appellees filed an amended complaint in partition, naming appellant and Iesulauro as defendants. Appellees requested that the 770-acre estate be partitioned among the four co-tenants, and if that could not be done without manifest injury to the property, then that the property be appraised and sold, with the proceeds paid to the parties as their interest may appear.
 {¶ 4} On September 15, 2005, Iesulauro filed an answer to appellees' complaint, along with a counterclaim for an accounting from appellee James A. Ellis for her portion of the gross receipts and profits derived from and in accordance with a written crop share lease agreement between the parties for the 2005 crop year. On September 16, 2005, appellant filed a similar answer and counterclaim to appellees' complaint.
 {¶ 5} On March 28, 2006, the trial court issued an order of partition, directing that the 770-acre estate described in appellees' complaint be partitioned among the four co-tenants. The trial court appointed two commissioners to make the partition and to divide the property equally among the four co-tenants, or if the commissioners were of the opinion that the property could not be so divided without manifest injury to its value, to report this fact to the court, along with a just valuation of the property.
 {¶ 6} On April 21, 2006, the commissioners filed a separate report and return for *Page 3 
each of the three farms comprising the 770-acre estate. In each of the reports, the commissioners certified that it was their opinion that the estate could not be divided according to the demands of the writ of partition without manifest injury to the estate's value. The commissioners valued the 313-acre farm at $1.25 million, the 302-acre farm at $1.1 million, and the 155-acre farm at $525,000, for a total value of $2,875,000.
 {¶ 7} Appellees filed objections to the commissioners' three reports and returns, arguing that the commissioners erred by issuing a separate report and return for each of the three farms, instead of a single report and return for the entire 770-acre estate, and by not issuing a "single appraised value" for the entire 770-acre estate. Appellant filed a memorandum contra, arguing that the commissioners were required under R.C. 5307.07 and the facts of this case to treat the three farms as three separate estates, with each of the four co-tenants having a right to elect to purchase any of the three tracts.
 {¶ 8} After holding a hearing on appellees' objections to the commissioners' three reports and returns, the magistrate issued a decision finding that the total valuation of the nearly 770-acre estate was the total of the three separate values of the three farms as stated in the commissioners' three separate reports and returns, or $2,875,000. The magistrate also found that the 770-acre estate could not be equally divided without manifest injury to its value.
 {¶ 9} The magistrate also determined that when the pertinent sections of R.C. Chapter 5307 are read in pari materia, they impel the conclusion that any election to purchase the estate by any of the four co-tenants must be an election to purchase the 770-acre estate as a whole. The magistrate stated that while R.C. 5307.07 "allows for the partition of multiple tracts in one action, it does not allow for those multiple tracts to be the subject of separate elections within one action," and that no other section in R.C. Chapter 5307 "addresses or suggests a right of a party to separately elect to purchase one of the *Page 4 
multiple tracts in a partition action."
 {¶ 10} Appellant filed objections to the magistrate's report, which the trial court overruled on July 6, 2006.
 {¶ 11} Appellant now appeals from the trial court's decision, raising the following assignment of error:
 {¶ 12} "IN A PARTITION ACTION INVOLVING DISTINCT MULTIPLE TRACTS, IF THE COURT APPOINTED COMMISSIONERS DETERMINE THAT THE PROPORTIONAL INTEREST OF EACH OWNER IN EACH TRACT CANNOT BE DIVIDED PURSUANT TO R.C.5307.07 WITHOUT MANIFEST INJURY TO ITS VALUE, THEN UPON CONFIRMATION OF THE REPORTS, ANY OWNER MAY MAKE AN ELECTION TO TAKE ANY OF THE INDIVIDUAL TRACTS AT ITS APPRAISED VALUE PURSUANT TO R.C. 5307.09."
 {¶ 13} Before addressing the merits of appellant's assignment of error, we must first determine whether this appeal is properly before us.
 {¶ 14} To be a final appealable order, the order must determine the action and prevent a judgment. R.C. 2505.02(B)(1). In this case, however, there are outstanding counterclaims raised by Iesulauro and appellant herself which have not been resolved. Further, the relief granted by the trial court does not constitute a special proceeding under R.C. 2505.02(B)(2) or a provisional remedy under R.C.2505.02(B)(4). Additionally, the order appealed does not contain language that "there is no just reason for delay," pursuant to Civ.R. 54(B).
 {¶ 15} In light of the foregoing, we conclude that this court lacks jurisdiction to consider the present appeal because it is not taken from a final appealable order. See Miller v. First Internatl. Fid. TrustBldg., Ltd., 113 Ohio St.3d 474, 475, 2007-Ohio-2457. *Page 5 
 {¶ 16} Appeal dismissed.
BRESSLER, P.J., and POWELL, J., concur.
[1] The parties in this appeal and Iesulauro are siblings who inherited the 770-acre estate from their parents, Alfred and Helen Ellis.
[2] Nearly all of the 770-acre estate is located in Clinton County, except for approximately 6.5 acres of the 155-acre tract, which are located in Fayette County. *Page 1