DECISION AND JUDGMENT ENTRY
{¶ 1} Delbert and Donna Bratcher appeal two judgments of the Washington County Court of Common Pleas in favor of Randall L. Adkins on Adkins' two count complaint involving the breach of a real estate contract. On appeal, the Bratchers assert five assignments of error. However, the trial court never disposed of Adkins' prayers for punitive damages and prejudgment interest as part of his damages award. Therefore, we find that the Bratchers did not appeal judgments that are final, appealable orders. Accordingly, we dismiss this appeal.
 I. {¶ 2} Adkins, a partner in Adkins Timber, and the Bratchers entered into a real estate purchase agreement involving Adkins' purchase of a 4.913 acre lot and a 50 foot *Page 2 
right of way. Adkins needed the lot and right of way to access timber on an adjoining property. However, the Bratchers never delivered a deed to Adkins for the real estate.
 {¶ 3} Adkins filed a two count complaint against the Bratchers. In count one, Adkins essentially alleged a breach of contract and sought the return of his $12,000 down payment. In count two, Adkins sought compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorney fees, and costs. The trial court granted Adkins summary judgment as to count one. Thereafter, count two proceeded to trial.
 {¶ 4} After trial, the court awarded Adkins a total of $65,000 in compensatory damages "as a direct and proximate result of * * *[the Bratchers'] willful and intentional breach of their contract to convey a right of way and real property" to Adkins. Later, the court awarded another $6,318 for attorney fees and expenses. The court disposed of part of Adkins' prayer for damages in its judgment entries. However, it did not dispose of Adkins' punitive and prejudgment interest requests for damages in count two of Adkins complaint.
 {¶ 5} The Bratchers appeal and assert the following five assignments of error: I. "The trial court erred in refusing to consider evidence other than the October, 2003 `Real Estate Purchase Contract' between Bratcher and Adkins, because the writing is ambiguous and the parol evidence rule consequently does not apply." II. "The trial court erred in failing to consider the fact that all conditions precedent to execution of a valid contract were not met." III. "The trial court's decision is in error because there was not `meeting of the minds.'" IV. "The trial court erred when it failed to rule that the contract *Page 3 
was impossible to perform because Bratcher had to deed the property back to Tice." And, V. "The trial court erred by granting attorney fees and costs to the plaintiffs, since there is no statutory authority for such an award, there is no proof of fraud, actual malice or insult, and the trial court did not award punitive damages."
 II. {¶ 6} Initially, we address the threshold issue of whether the judgment entries appealed are final, appealable orders. Appellate courts have no "jurisdiction to review an order that is not final and appealable." Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25,2004-Ohio-6824, ¶ 6, citing Section 3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." In re Nichols, Washington App. No. 03CA41,2004-Ohio-2026, ¶ 6, citing Ft. Frye Teachers Assn. v. Ft. Frye LocalSchool Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, fn. 4, citingPickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459. This court has "no choice but to sua sponte dismiss an appeal that is not from a final appealable order." Id. at ¶ 6, citing Whitaker-Merrell v. Geupel Constr.Co. (1972), 29 Ohio St.2d 184.
 {¶ 7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C.2505.02(B). "A *Page 4 
final order * * * is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley Lamp Co. (1971),27 Ohio St.2d 303, 306.
 {¶ 8} Here, Adkins sought damages for a breach of a real estate contract. A cause of action for breach of contract, seeking damages, is recognized at common law, and thus, is not a special proceeding. See, e.g., Ohio and Vicinity Regional Council of Carpenters v. McMarty, Trumbull App. No. 2005-T-0063, 2006-Ohio-2019, ¶ 10. Thus, we must determine if the judgments the Bratchers appealed affect "a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 9} An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." Noble v. Colwell (1989), 44 Ohio St.3d 92, at syllabus. However, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ.R. 54(B), the order is not final and appealable. See Jackson v. Scioto Downs, Inc. (1992),80 Ohio App.3d 756, 758.
 {¶ 10} Here, only one claim or remedy is involved, i.e., damages for breach of contract. Therefore, Civ.R. 54(B) does not apply.
 {¶ 11} This court has continuously held that "[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves." Shelton v. Eagles Foe Aerie2232, Adams App. No. 99CA678, citing Horner v. Toledo Hospital (1993),94 Ohio App.3d 282. Where a prayer for relief requests a particular type of damages and *Page 5 
the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists. See In re Sites, Lawrence App. No. 05CA39, 2006-Ohio-3787, ¶ 16 (holding that "the trial court's failure to resolve appellees' attorney fees request renders the judgment against appellants interlocutory[,]" requiring this court "to dismiss the appeal for lack of jurisdiction"); see, also, Miller v. FirstInternational Fidelity Trust Building, Ltd., 165 Ohio App.3d 281,2006-Ohio-187, ¶ 36 (holding that "where prejudgment interest is sought, it is just another element of damages requested upon a finding of liability" and "[u]ntil the damages are all determined, the finding of liability and award of compensatory damages only are not final, and Civ.R. 54(B) `no just reason for delay' language will not make it appealable").
 {¶ 12} Therefore, because Adkins' prayers for punitive damages and prejudgment interest remain unresolved, we find that the trial court did not resolve the entire claim. Consequently, the Bratchers did not appeal final appealable orders.
 {¶ 13} Accordingly, we dismiss this appeal for lack of jurisdiction.
 APPEAL DISMISSED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and Appellants pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Abele, J.: Concur in Judgment and Opinion. *Page 1