DECISION AND JUDGMENT ENTRY
{¶ 1} Delbert and Donna Bratcher ("Bratchers") appeal the judgment of the Washington County Court of Common Pleas in favor of Randall L. Adkins and Adkins Timber (collectively "Adkins") on Adkins' complaint alleging a breach of a real estate purchase agreement. On appeal, the Bratchers contend that the trial court erred when it refused to consider parol evidence because the parties' contract was ambiguous. Because we find no ambiguity in the parties' contract, we disagree. The Bratchers next contend that the trial court erred when it failed to consider the failure of conditions precedent to execution of the contract. Because the Bratchers failed to affirmatively raise this issue in the trial court, we find that they forfeited their right to raise it for the first time on appeal. Finally, the Bratchers contend that the trial court erred because *Page 2 
there was no meeting of the minds when forming the parties' contract and the contract was void due to impossibility of performance. Again, because the Bratchers failed to assert these arguments in the trial court, they have forfeited their right to raise them on appeal. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} In 2002, Delbert Bratcher purchased between 700 to 750 acres of property from T.O.F. Builders, operated by Bernard Tice. The Bratchers intended to turn the acreage into a housing development. To purchase the property from T.O.F. Builders, the Bratchers executed a mortgage in the amount of $1.5 million dollars to T.O.F. Builders.
 {¶ 3} Thereafter, Randall L. Adkins, a partner in Adkins Timber, approached Delbert Bratcher expressing his interest in purchasing a lot in the development that abutted a seventy-six acre parcel of landlocked property Adkins owned. Adkins needed the lot in the Bratchers' development, along with a right-of-way to and from the lot, in order to gain access to and remove timber from his adjoining landlocked parcel.[1]
 {¶ 4} After meeting with Delbert Bratcher, Adkins agreed to purchase a 4.913 acre lot in the Bratchers' development, a 50 foot right of way to and from the 4.913 acre lot, plus the right to remove timber from his adjoining property using the right-of-way. The parties' agreement was memorialized in a real estate purchase agreement and Adkins paid $12,000 to the Bratchers as a down payment.
 {¶ 5} The parties never closed the purchase because the Bratchers could not *Page 3 
obtain a release of the underlying mortgage from Tice and T.O.F. Builders. Tice would not release the mortgage until obtaining assurances from Adkins that he would not extend a roadway through the 4.913 acres and develop his adjoining seventy-six acre parcel, in direct competition with the Bratchers' development. As a result of Tice's unwillingness to release the mortgage, the Bratchers never delivered a deed to Adkins despite Adkins' willingness and ability to perform his obligations under the agreement. Thereafter, the Bratchers deeded their entire interest in the 700 to 750 acre parcel back to T.O.F. Builders, including their interest in the 4.913 acres and the fifty-foot right-of-way.
 {¶ 6} In late 2005, Adkins filed a two-count complaint against the Bratchers. In count one, Adkins essentially alleged a breach of contract and sought the return of his $12,000 down payment. In count two, Adkins sought compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorney fees, and costs.
 {¶ 7} The Bratchers admitted in their answer that they entered into a real estate purchase contract with Adkins wherein the Bratchers would sell Adkins the 4.913 acres along with a 50 foot wide right-of-way from the 4.913 acres to Belpre Township Road 97, and that the deed from the Bratchers to Adkins "was to include a 50 foot wide right of way for ingress and egress to the 4.913 acres and the right to remove timber from the property adjoining the 4.913 acres owned by" Adkins. The Bratchers admitted that upon Adkins' payment of $25,000, they were to deliver a general warranty deed and that Adkins did pay a deposit of $12,000 as part of the purchase price. The Bratchers further admitted that they never delivered a deed to Adkins pursuant to the agreement, and that they later deeded the property back to T.O.F. Builders and never returned the *Page 4 
$12,000 Adkins paid toward the final purchase price.
 {¶ 8} Adkins moved for summary judgment on count one of their complaint based, in part, on the Bratchers' admissions in their answer. The Bratchers filed no memorandum in response, and as a result, the trial court granted Adkins' motion for summary judgment as to count one. Thereafter, the parties proceeded to trial on count two of Adkins' complaint.
 {¶ 9} From the trial record, it is unclear what the Bratchers' defense was to Adkins' second count. In addition, the parties did not make closing arguments and did not submit trial briefs to the court. However, during opening statements, the Bratchers argued that Adkins "received a benefit by the access that he was granted for his right-of-way," and as a result, the Bratchers argued that Adkins was not entitled to the $65,000 claimed as damages for loss in value to his adjacent real estate.[2] The Bratchers offered no further argument to the court, only the testimony of Delbert Bratcher.
 {¶ 10} After trial, the court awarded Adkins a total of $65,000 in compensatory damages "as a direct and proximate result of * * *[the Bratchers'] willful and intentional breach of their contract to convey a right of way and real property" to Adkins. Later, the court awarded another $6,318 for attorney fees and expenses. The Bratchers appealed. See Adkins v. Bratcher, Washington App. No. 06CA53, 2007-Ohio-3587. This court dismissed that appeal for lack of a final, appealable order. Id. at ¶ 1. *Page 5 
 {¶ 11} On remand, the trial court awarded punitive damages and dismissed the remaining claims for interest.
 {¶ 12} The Bratchers now appeal and assert the following four assignments of error: I. "The trial court erred in refusing to consider evidence other than the October, 2003 `Real Estate Purchase Contract' between Bratcher and Adkins, because the writing is ambiguous and the parol evidence rule consequently does not apply." II. "The trial court erred in failing to consider the fact that all conditions precedent to execution of a valid contract were not met." III. "The trial court's decision is in error because there was not `meeting of the minds,' despite the existence of a written agreement;" and IV. "The trial court erred when it failed to rule that the contract was impossible to perform because Bratcher had to deed the property back to Tice."
 II. {¶ 13} In their first assignment of error, the Bratchers contend that the trial court erred when it refused to consider parol evidence. The Bratchers argue that consideration of parol evidence is warranted because the purchase agreement is ambiguous. According to the Bratchers, the parties' agreement was only for the conveyance of an easement to remove timber from Adkins' adjacent property, not a permanent right of way plus the right to remove timber from the property.
 {¶ 14} We first set forth our standard of review. The construction and interpretation of a contract (and any other instrument of conveyance) is a matter of law. See Latina v. Woodpath Development Co. (1991),57 Ohio St.3d 212, 214, citing Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241.
 {¶ 15} When interpreting a contract, this court's role "is to give effect to the intent *Page 6 
of the parties to the agreement." Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 11, citing Hamilton Ins. Serv. Inc. v.Nationwide Ins. Cos. (1999), 86 Ohio St.3d 270; citing Employers' Liab.Assur. Corp. v. Roehm (1919), 99 Ohio St. 343, syllabus; Section 28, Article II, Ohio Constitution. We will also examine the contract "as a whole and presume that the intent of the parties is reflected in the language used" by the parties in the contract. Id., citing Kelly v. Med.Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus.
 {¶ 16} We must also "look to the plain and ordinary meaning of the language used * * * unless another meaning is clearly apparent[.]" Id., citing Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus. "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." Id.
 {¶ 17} "The parol evidence rule is a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract with evidence of alleged or actual agreements." Ed Schory Sons, Inc. v. Soc. Natl. Bank (1996),75 Ohio St.3d 433, 440. "It is axiomatic that, where a contract is ambiguous, parol evidence may be employed to resolve the ambiguity and ascertain the intention of the parties." Illinois Controls, Inc. v.Langham (1994) 70 Ohio St.3d 512, 521 (Citations omitted); see, also,Burton v. Elsea, Inc. (Dec. 27, 1999), Scioto App. No. 97CA2556, citingGraham v. Drydock Coal Co. (1996), 76 Ohio St.3d 311, 313.
 {¶ 18} However, "[w]hen the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." Shifrin v.Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, *Page 7 
638, citing Alexander, supra. As a result, "[i]f no ambiguity appears on the face of the instrument, parol evidence cannot be considered in an effort to demonstrate such an ambiguity." Id., citing Stony's TruckingCo. v. Pub. Util. Comm. (1972), 32 Ohio St.2d 139. "Thus, in determining whether parol evidence is admissible to clarify the terms of a written contract, the court must first identify the contract and evaluate whether it is ambiguous on its face." Burton, supra.
 {¶ 19} Here, the Bratchers assert that the language conveying "a 50 foot wide right of way for ingress and egress to the 4.913 acres and the right to remove timber from the property adjoining the 4.913 acres presently owned by Adkins Timber" is ambiguous. The Bratchers argue the purchase agreement, along with its attachments, can be interpreted to mean: (1) "that Bratcher intended to convey and Adkins to purchase a right-of-way plus the right to remove timber over the right-of-way[;]" or (2) "the Bratchers merely intended to convey and Adkins merely intended to purchase an easement to remove the timber."
 {¶ 20} Specifically, the purchase agreement provides:
 The Seller shall sell and the Buyer shall purchase and pay for the real estate being 4.913 acres * * *, which is shown and depicted on the attached Exhibit A, along with a 50 foot wide right of way from the 4.913 acres to Belpre Township Road 97 * * * shown and depicted on Exhibit C attached hereto, upon the following terms and conditions. The deed to be given by Seller to Buyer, his heirs, successors, assigns and/or nominee, shall include a 50 foot wide right of way for ingress and egress to the 4.913 acres and the right to remove timber from the property adjoining the 4.913 acres presently owned by Adkins Timber. At such time as Seller's remaining property is platted and dedicated as a subdivision and the 50 foot wide right of way is platted and dedicated as a public road, access to the 4.913 acres shall be over and across said public road.
 {¶ 21} Exhibit A, referenced in the contract, is a sketch of the 4.913 acres. A *Page 8 
note on Exhibit A provides that: "THIS PLAT IS CONVEYING 4.913 ACRES TO RANDY ADKINS WITHOUT A PERMANENT RIGHT OF WAY. HOWEVER THERE WILL BE AN ACCESS EASEMENT GIVEN TO REMOVE TIMBER ONLY." The Bratchers contend that the note supports their construction of the agreement and should be considered because of its incorporation into the contract by reference.
 {¶ 22} While the language noted on Exhibit A arguably supports the Bratchers' contention, the purchase agreement incorporated Exhibit A and C only insofar as the property and right of way are respectively "shown and depicted" therein. As a result, we do not find that the notes contained on those exhibits became part of the contract.
 {¶ 23} Instead, the clear language set forth in the purchase agreement provides that the Bratchers were to convey to Adkins, and Adkins to buy, the 4.913 acres plus a right-of-way from Belpre Township Road 97 to the 4.913 acre parcel and the right to remove timber from Adkins' adjoining property over such right-of-way. Because the contract cannot be reasonably read to support any of the interpretations offered by the Bratchers, we conclude that no ambiguity exists, and the agreement clearly encompassed more than a mere easement for the removal of timber from Adkins' adjacent property.
 {¶ 24} Accordingly, we overrule the Bratchers' first assignment of error.
 III. {¶ 25} In their second assignment of error, the Bratchers contend that the trial court failed to consider the nonoccurrence of conditions precedent to performance of the contract. The Bratchers assert that three conditions precedent to the contract are at issue: (1) approval of the Washington County Planning Commission; (2) the need to *Page 9 
obtain a deed to the 4.9 acres and the right of way; and (3) the need for Delbert Bratcher to obtain a release of mortgage from T.O.F. Builders and/or Tice. The Bratchers maintain that Adkins "introduced parol evidence of the conditions precedent to performance of the contract at trial[,]" and as a result, "the court should have considered whether all of these conditions had been met before enforcing the contract."
 {¶ 26} The Bratchers did not expressly assert this argument in the trial court. However, the record does contain some testimony and exhibits arguably supporting their contention. The Bratchers seemingly acknowledge as much in their brief, wherein they contend Adkins
"introduced evidence of conditions precedent to performance of the contract" and, as a result, the trial "court should have considered whether these conditions had been met." We are not persuaded.
 {¶ 27} Simply because some evidence supporting a defense appears in the record, such evidence "does not effectively raise every conceivable argument arising or inferable from that" evidence. Mumford v.Interplast, Inc. (1997), 119 Ohio App.3d 724, 736. "[I]nstead, the parties have an affirmative duty to make an argument in the lower court before assigning an error based on that argument." Id., citing App. R. 12(A)(2).
 {¶ 28} Here, the only "argument" presented by the Bratchers at trial concerned whether Adkins "received a benefit by the access that he was granted for his right-of-way," and whether Adkins was entitled to $65,000 in damages. There was no further argument presented, only testimony from the parties and a real estate appraiser. The mere presence of testimony or other evidence in the trial court record supporting an argument does not, by itself, preserve this argument on appeal. Therefore, we find that the Bratchers have forfeited their right to raise this argument for the first time on appeal. *Page 10 
 {¶ 29} Even assuming the Bratchers preserved this argument, the testimony from Adkins and Delbert Bratcher, as well as exhibits admitted at trial, establish that the Planning Commission approved the split of the 4.913 acres and the fifty-foot right-of-way. Thus, this alleged condition was satisfied.
 {¶ 30} Further, preparation and delivery of the deed was part of the Bratchers' performance under the purchase contract, not a condition precedent to their performance. See, generally, 80 Ohio Jurisprudence 3d., Real Property Sales and Exchanges, Section 48 (stating, "[t]he conveyance by the vendor in compliance with his or her duty to perform under a contract to sell real estate ordinarily is a deed sufficient in form to convey the title to the land * * *").
 {¶ 31} Finally, the Bratchers contend that their ultimate failure to obtain a release of the 4.913 acre tract from the mortgage held by T.O.F. Builders was the failure of a condition precedent. Conditions precedent are conditions "which must be performed before the obligations in the contract become effective." Hiatt v. Giles, Darke App. No. 1662,2005-Ohio-6536, ¶ 23, citing Rudd v. Online Resources, Inc. (June 18, 1999), Montgomery App. No. 17500, quoting Troha v. Troha (1995),105 Ohio App.3d 327. Where a condition precedent is not satisfied, "a party is excused from performing the duty promised under the contract." Id.
 {¶ 32} "Conditions precedent are not favored by the law, and whenever possible courts will avoid construing provisions to be such unless the intent of the agreement is plainly to the contrary." Id. The determination of whether a contractual provision "is a condition precedent or merely a promise to perform is a question of the parties' intent." Intent is best determined "by considering the language of a particular provision, the *Page 11 
language of an entire agreement, or the subject matter of an agreement." Id.
 {¶ 33} In Hiatt, the court determined that a contractual provision stating that the buyers of real estate "shall obtain financing" in a particular amount was not a condition precedent to performance. Instead, the Hiatt court concluded that such a provision "unambiguously obligated the Buyers to obtain financing without making the transaction contingent on their success in doing so." Id. at ¶¶ 26, 29.
 {¶ 34} Here, the purchase agreement provides that the Bratchers "shall convey to Buyer marketable title in fee simple by transferable and recordable general warranty deed, as appropriate, free and clear of all liens, encumbrances, conditions, easements, assessments, leases and restrictions except as may be approved in writing by Buyer." This clear language unambiguously obligates the Bratchers to obtain a release of the property from mortgages and does not amount to a condition precedent to performance. See Hiatt, supra.
 {¶ 35} Delbert Bratcher admitted as much:
 Q. The contract provides that you provide a general warranty deed. Is that correct?
 A. That's what it provided. Yes.
 Q. And that's with no liens or encumbrances or mortgages against it; is that correct?
 A. That's correct.
 Q. Okay. So, it was your job to get Mr. Tice to release that?
 A. It was.
 {¶ 36} Further, the purchase agreement gave Adkins, not the Bratchers, the right to rescind the agreement, at his option, if the Bratchers could not convey marketable *Page 12 
title.[3] As a result, we find that the Bratchers' obligation to obtain a release of the 4.913 acre tract from his underlying mortgage with T.O.F. Builders and Mr. Tice was not a condition precedent to his performance, and instead, was an obligation of the Bratchers under the purchase agreement.
 {¶ 37} Accordingly, we overrule the Bratchers' second assignment of error.
 IV. {¶ 38} We address the Bratchers' third and fourth assignments of error together. In their third assignment of error, the Bratchers assert that there was no meeting of the minds in the formation of the contract. Specifically, the Bratchers argue that because Adkins had no knowledge that a mortgage on the 4.913 had to be released before deliverance of the deed, there was no meeting of the minds. In their fourth assignment of error, the Bratchers contend that the trial court failed to consider whether performance of the contract by the Bratchers was impossible as a result of Delbert Bratcher's sale of the property back to T.O.F. Builders.
 {¶ 39} The Bratchers never asserted either of these arguments in the trial court below. While there was arguably testimony presented by the Bratchers to support such theories, no specific arguments were made to the court. Because the Bratchers did not preserve these arguments for appeal by presenting them in the trial court, they have forfeited their right to raise them for the first time on appeal. Hine v. Byler, Ross App. No. 07CA2961, 2008-Ohio-150, ¶ 32, citing McKinley v. Ohio Bur. ofWorkers' Comp., *Page 13 170 Ohio App.3d 161, 2006-Ohio-5271, ¶ 38, citing Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41. Hence, we do not address these arguments.
 {¶ 40} Accordingly, we overrule the Bratchers' third and fourth assignments of error.
 V. {¶ 41} Having overruled all four of the Bratchers' assignments of error, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 14 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only.
McFarland, J.: Concurs in Judgment and Opinion.
[1] At the time Adkins purchased the seventy-six acre parcel for $60,000, he wrongly believed a right-of-way existed to access the property.
[2] On appeal, however, the Bratchers argue a number of contractual defenses such as the failure of conditions precedent, lack of meeting of the minds and impossibility of performance. While, arguably, testimony was elicited during trial that could support these defenses, these arguments were not presented to the trial court.
[3] Paragraph 2 of the purchase agreement states: The down payment deposited with the Seller shall be refunded and this Agreement shall be null and void at the option of the Buyer, under the following conditions: (1) if the Seller's title is found to be defective and the defect cannot be remedied within 30 days * * *." Of course, "[a] title subject to a mortgage is not marketable." 80 Ohio Jurisprudence 3d., Real Property Sales and Exchanges, Section 87, citing Lewis v.White (1866), 16 Ohio St. 444. *Page 1